UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RONALD C. McCAIN and NOILANI F. McCAIN,

        Plaintiffs,

v.

CHRISTOPHER CAUBLE,

        Defendant.

Case No. 1:25-cv-01316-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

      Self-represented plaintiffs Ronald C. McCain and Noilani F. McCain ("Plaintiffs") filed this action against Defendant Christopher Cauble ("Defendant"), alleging breach of contract claims, malpractice, negligence, and tort claims under state law. First Am. Compl. ("FAC") 5-20, ECF No. 5. Before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 12. For the reasons below, Defendant's motion is GRANTED.

## BACKGROUND

      Defendant represented Plaintiffs in an action to obtain an easement. FAC ¶ 23, Ex. 8, at 1. Plaintiffs are not satisfied with how Defendant represented them during the easement action. *See, e.g.*, FAC ¶ 28. Plaintiffs filed this action against Defendant to recover damages related to the easement action on July 25, 2025. FAC ¶¶ 75-78; Compl. 15, ECF No. 1. Plaintiffs allege that they are "adult residents of Josephine County, Oregon." FAC ¶ 1. Plaintiffs also allege that

Page 1 — OPINION AND ORDER

"Defendant is an adult resident of Oregon, conducting business, as a Lawyer, primarily, in Josephine County, Oregon." FAC ¶ 2. Defendant moves to dismiss, claiming that Plaintiffs failed to allege proper diversity citizenship.

After both parties briefed the issue, Plaintiffs filed two supplemental responses asking this Court to consider additional materials when deciding Plaintiff's domicile. Pl.'s Suppl. Resp. Def.'s Mot. Dismiss ("Pls.' Suppl. Resp.") 2, ECF No. 23; Suppl. Resp. Addendum 1-2, ECF No. 25.

## STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks and citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). A facial

attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013). A factual attack on the plaintiff's assertion of jurisdiction "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (citation omitted); *see also Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012). A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation omitted).

A court must liberally construe the filings of a self-represented plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**DISCUSSION**

Defendant moves to dismiss Plaintiffs' lawsuit, contending that the Court does not have subject matter jurisdiction over Plaintiffs' claims because the Court lacks diversity jurisdiction.

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). For a district court to have diversity jurisdiction under Section 1332(a), all plaintiffs must be citizens of different states than all defendants. *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025). "[F]ederal-diversity jurisdiction depends on the citizenship of the parties at the time suit is filed." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).

A natural person can only be a citizen of one state for the purpose of diversity jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). A natural person's state of domicile determines their citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [their] permanent home, where [they reside] with the intention to remain or to which [they intend] to return." *Id.* Factors courts use to determine an individual's domicile include "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). "[T]he party asserting diversity jurisdiction bears the burden" of proving that all parties are diverse under 28 U.S.C. § 1332(a). *Lew*, 797 F.2d at 750. "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Id.*

A person's residency does not necessarily determine their domicile and citizenship. *Kanter*, 265 F.3d at 857; *Menard v. Goggan*, 121 U.S. 253, 253 (1887); *Denny v. Pironi*, 141 U.S. 121, 123 (1891). A person can be a resident of several states, but they can only be a citizen of one state. *See Wachovia*, 546 U.S. at 318. A plaintiff alleging residency alone does not satisfy the diversity of citizenship requirement under Section 1332(a). *Anderson v. Watts*, 138 U.S. 694, 702 (1891); *Menard*, 121 U.S. at 253; *Denny*, 141 U.S. at 123.

## I.    Sufficiency of the Pleadings

Defendant argues that the Court lacks diversity jurisdiction because Plaintiffs allege that they are "adult residents of Josephine County, Oregon" and Defendant is a "an adult resident of Oregon, conducting business, as a Lawyer, primarily, in Josephine County, Oregon." FAC ¶¶ 1-2. Plaintiffs allege only "residency" and not "citizenship" of any state. Because Section 1332(a) requires that parties be citizens of different states for this Court to have jurisdiction over Plaintiffs' action, Plaintiffs must plead both Defendant's state citizenship and their own, and those citizenships must be diverse. It is not enough that Plaintiffs allege the parties' residency. The Court therefore lacks jurisdiction over Plaintiff's claims as pled.

## II.    The Parties' Supplemental Filings

In certain situations, courts may constructively amend defective allegations of jurisdiction "where the plaintiff proffer[s] 'sufficient evidence in the record to establish' the missing [jurisdictional] fact." *Rosenwald*, 152 F.4th at 1182 (citation omitted); 28 U.S.C. § 1653. The Court can also look outside the pleadings to evaluate whether it has jurisdiction. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). If the filings do not establish whether the court has jurisdiction, the court may dismiss the complaint with leave to amend. *Rosenwald*, 152 F.4th at 1177.

Both parties in this case submitted filings outside of the pleadings. Plaintiffs' filings include a utility bill for a residence in Oregon addressed to Jared McCain, an Oregon hotel receipt in one of the Plaintiff's names for a stay during the time Plaintiffs filed this lawsuit, a General Judgment from Josephine County dealing with land owned by Plaintiffs in Oregon but listing Plaintiffs' address in Indiana, Plaintiffs' 2024 W-2 statements showing an address in Indiana, and an email stating that certain notices were mailed to Plaintiffs in Indiana. Suppl. Resp. Addendum; Pls.' Suppl. Resp. 8, 10. The record also indicates that Plaintiff Ronald McCain was receiving medical treatment in Oregon three times per week when Plaintiffs filed their complaint. Compl. 16. The Court declines to constructively amend the defective allegations of jurisdiction because the record and Plaintiff's supplemental filings do not "affirmatively and distinctly" establish that Indiana was their domicile at the time they filed their original complaint on July 25, 2025. *See Rosenwald*, 152 F.4th at 1182.

Defendant submitted a declaration stating that Plaintiffs maintain an Oregon physical address and an Oregon mailing address, Plaintiffs had active Oregon driver's licenses when they filed their amended complaint, Plaintiff Noilani McCain had a vehicle registered in Oregon at the time Plaintiffs filed their amended complaint, and Plaintiffs were registered to vote in Oregon as of October 3, 2025. Campanella Decl. ¶¶ 2-5, Ex. 1, ECF No. 20. While the filings strongly suggest that Plaintiffs were domiciled in Oregon by October 3, 2025,[1] they do not necessarily establish that Plaintiffs were domiciled in Oregon when they filed their complaint on July 25, 2025.

---

[1] Voters in Oregon may register where their "habitation is fixed and to which, when the person is absent, the person intends to return." ORS § 247.035(1)(a). Plaintiffs' voter registrations therefore strongly suggest that they are domiciled in Oregon.

### III.    Leave to Amend

The filings do not clearly establish Plaintiffs' domicile in Oregon or Indiana. The Court therefore gives Plaintiffs leave to amend their complaint to allege sufficient facts to establish this Court's jurisdiction at the time of their original filing on July 25, 2025. Should Plaintiffs elect to file an amended complaint, the Court will require them to "establish [their] jurisdictional allegations by competent proof." *Harris v. Rand*, 682 F.3d 846, 851-52 (9th Cir. 2012).

### CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss (ECF No. 12) is GRANTED. Plaintiff's complaint is dismissed with leave to amend. Any amended complaint is due within thirty days of this Opinion.

DATED this 22nd day of January 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge