UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

RONALD C. MCCAIN and NOILANI F. MCCAIN,

        Plaintiffs,

    v.

CHRISTOPHER CAUBLE,

        Defendant.

Case No. 1:25-cv-01316-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Self-represented plaintiffs Ronald C. McCain and Noilani F. McCain ("Plaintiffs") filed this action against Defendant Christopher Cauble ("Defendant"), alleging breach of contract claims, malpractice, negligence, and tort claims under state law. Second Am. Compl. ("SAC") 10-24, ECF No. 31. Before the Court is Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint. ECF No. 34. For the reasons below, Defendant's motion is GRANTED.

**BACKGROUND**

Defendant represented Plaintiffs in an action to obtain an easement. SAC ¶ 5. Plaintiffs are not satisfied with how Defendant represented them during the easement action. SAC ¶¶ 10-17. Plaintiffs originally filed this action on July 25, 2025, seeking to recover damages related to the easement action. Compl. ¶ 40, ECF No. 1.

Page 1 — OPINION AND ORDER

Plaintiffs amended their complaint on August 25, 2025, and alleged that they are "adult residents of Josephine County, Oregon," and Defendant is "an adult resident of Oregon, conducting business, as a Lawyer, primarily, in Josephine County, Oregon." First Am. Compl. ¶¶ 1-2, ECF No. 5. The Court dismissed Plaintiffs' First Amended Complaint with leave to amend because their allegations and filings were insufficient to establish this Court's diversity jurisdiction. Op. & Order 5, 7, ECF No. 26. Due to those insufficiencies, the Court required Plaintiffs to submit competent proof to support allegations of this Court's jurisdiction in any amended complaint. Op. & Order 7.

Plaintiffs filed their Second Amended Complaint on February 17, 2026. SAC 1. Defendant moves to dismiss Plaintiffs' Second Amended Complaint, claiming that Plaintiffs again fail to allege diversity citizenship.

## STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks and citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(h). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting

that when a court lacks subject matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quotation marks omitted). A factual attack on the plaintiff's assertion of jurisdiction "contests the *truth* of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (citation omitted) (emphasis in original); *see also Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012). A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation omitted).

A court must liberally construe the filings of a self-represented plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard

"does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). For a district court to have diversity jurisdiction under § 1332(a), all plaintiffs must be citizens of different states than all defendants. *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025). "[F]ederal-diversity jurisdiction depends on the citizenship of the parties at the time suit is filed." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).

A plaintiff alleging residency alone does not satisfy the diversity of citizenship requirement. *Anderson v. Watts*, 138 U.S. 694, 702 (1891); *Menard v. Goggan*, 121 U.S. 253, 253 (1887); *Denny v. Pironi*, 141 U.S. 121, 123 (1891). A natural person's state citizenship is determined by their state of domicile, not their state of residency. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person who resides in multiple states is only a citizen of one state for the purpose of diversity jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). "A person's domicile is [their] permanent home, where [they reside] with the intention to remain or to which [they intend] to return." *Kanter*, 265 F.3d at 857. "[T]he party asserting diversity jurisdiction bears the burden" of proving that all parties are diverse under 28 U.S.C. § 1332(a). *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Id.* at 750.

"[A] person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Id.* at 749-50 (internal quotation marks and alterations omitted). Factors for a determination of domicile include an individual's current residence, location of real and personal property, place of employment, payment of taxes, driver's license, vehicle registration, voter registration, location of spouse and family, bank accounts, and membership in organizations. *Id.* at 750. No single factor is controlling. *Id.* "[D]omicile is evaluated in terms of 'objective facts,' and . . . 'statements of intent are entitled to little weight when in conflict with facts.'" *Id.* (citation omitted).

## I.      Sufficiency of the Pleadings

Plaintiffs continue to allege only residency and not citizenship of any state. Plaintiffs repeat their allegations of residency, claiming they are "adult Part Time Residents of Josephine County, Oregon and Martin County, Indiana," and that "Defendant is an adult Resident of Oregon, conducting business, as a Lawyer, primarily, in Josephine County, Oregon." SAC ¶¶ 1-2. As the Court explained when it dismissed Plaintiff's first amended complaint, allegations of residency are insufficient to establish jurisdiction under Section 1332(a). Op. & Order 5. Plaintiffs must allege that they were citizens of a different state than Defendant when Plaintiffs filed their first complaint.

Plaintiffs have failed to cure their complaint. The Court declines to constructively amend Plaintiffs' complaint because as discussed in this Court's prior order and below, the record does not "affirmatively and distinctly" establish this Court's jurisdiction and because Plaintiffs have failed to avail themselves of the opportunity to amend their complaint. *Rosenwald*, 152 F.4th at 1182-83.

## II.    Leave to Amend

The Court required Plaintiffs to support their jurisdictional allegations by competent proof. Op. & Order 7. While Plaintiffs' complaint is facially deficient, the Court nevertheless considers Plaintiffs' evidence to assess whether granting Plaintiffs leave to amend their complaint would be futile. *See Rosenwald*, 152 F.4th at 1184 (denying leave to amend where amendment would not cure a jurisdictional defect).

Plaintiffs submitted some evidence that they were domiciled in Indiana when they filed their complaint: Plaintiffs state that Crane, Indiana, is their "primary place of domicile" and that they lived in Indiana for most of 2025. Ronald McCain Decl. 2, ECF No. 33. Plaintiffs state that they traveled to Oregon, where they did not have a permanent home but stayed in a Southern Oregon motel, to investigate Defendant's alleged evasion of service. Noilani McCain Decl. 3-4, ECF No. 32. While they were in Oregon, Plaintiff Ronald McCain received dialysis treatment. Noilani McCain Decl. 4-5. Plaintiffs submitted a registration card for a motel stay at Sweet Breeze Inn in Grants Pass, Oregon, from July 9 to 30, 2025, and a curfew letter showing Plaintiff Ronald McCain's dialysis treatment during that period in Medford. Suppl. Resp. Addendum, ECF No. 25; Compl. 16-17.

Plaintiffs further state that they spend time in three states every year, staying over 200 days per year in Crane, Indiana, 100 days a year in Waverly, Tennessee, and "the remaining 65 days a year in Josephine & Jackson County, Oregon." Noilani McCain Decl. 1. Plaintiffs maintain "quite a bit of personal property" in Indiana. Noilani McCain Decl. 2; Ronald McCain Decl. 2. Plaintiffs also allege that "[w]hile in Crane, Indiana, [they] live and worked at Crane Naval Surface Warfare Center." Ronald McCain Decl. 3.

In affidavits filed in response to Defendant's second motion to dismiss, Plaintiff Ronald McCain states that he filed this lawsuit in Oregon "with the intent to return to Waverly,

Page 6 — OPINION AND ORDER

Tennessee and Crane, Indiana." Ronald McCain Aff. 1, ECF No. 38. Plaintiffs also submitted multiple letters from 2023 and 2024 sent to them at an Indiana address. Noilani McCain Aff. Ex. A, ECF 37-1. Plaintiffs also submitted 2023 W-2 statements addressed to Plaintiffs at a Tennessee residential address and 2024 W-2 statements addressed to Plaintiffs at an Indiana P.O. Box. Noilani McCain Aff. Ex. A. Finally, Plaintiffs state that they "paid income taxes, while residing in Waverly, Tennessee." Noilani McCain Aff. 2, ECF No. 37.

As discussed in this Court's earlier dismissal of Plaintiffs' complaint, other evidence suggests that Plaintiffs were domiciled in Oregon on July 25, 2025. Plaintiffs had active Oregon driver's licenses and a vehicle registered in Oregon when they filed the initial complaint. Campanella Aff. ¶¶ 3-4, ECF No. 20. Plaintiff Noilani McCain was issued her Oregon driver's license on May 22, 2025, which is two months before Plaintiffs filed the initial complaint. Campanella Aff. ¶ 3. Plaintiff Ronald McCain was issued a replacement Oregon driver's license on June 27, 2025, which is less than one month before Plaintiffs filed the initial complaint. Campanella Aff. ¶ 3. Plaintiff Noilani McCain renewed the registration for her vehicle on May 27, 2025, which is less than two months before Plaintiffs filed the initial complaint. Campanella Aff. ¶ 4. Plaintiffs' last known physical and mailing addresses on file with the Oregon Department of Motor Vehicles were both in Oregon as of October 3, 2025. Campanella Aff. ¶ 2. Finally, Plaintiffs were registered to vote in Oregon as of October 3, 2025. Campanella Aff. ¶ 5, Ex. 1.

Plaintiff Noilani McCain offers brief explanations for why Plaintiffs' vehicle and voter registrations in Oregon do not indicate domicile in Oregon. She states that she signed over the title of Plaintiffs' vehicle to her son before February 2025 but did not transfer the title at the

Page 7 — OPINION AND ORDER

DMV. Noilani McCain Aff. 1. She also states that her daughter-in-law registered her to vote in Oregon. Noilani McCain Aff. 1.

The Court continues to consider Plaintiffs' vehicle registration, voter registration, and renewal of Oregon drivers' licenses highly indicative of their domicile, *see* Or. Rev. Stat. ("ORS") §§ 247.035(1) (stating voters may register in Oregon if they reside in Oregon and intend to return to Oregon when they leave), 807.060(14) (specifying that a person must surrender an out of state drivers license in order to obtain an Oregon license). The Court nevertheless cannot say amendment would be futile in light of Plaintiffs' declarations and affidavits. The Court therefore gives Plaintiffs leave to file an amended complaint alleging sufficient facts to establish this Court's jurisdiction.

### III.    Plaintiffs' Request for a Hearing

Plaintiffs request that the Court conduct a hearing and give them an opportunity to testify to establish their domicile. The Court declines to hold a hearing at this time because Plaintiffs' complaint is facially deficient. The Court notes, however, that should Plaintiffs elect to file an amended complaint, and cure the defects discussed above, the Court may properly hold an evidentiary hearing to determine its jurisdiction. *See Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987); *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014) (stating the court may require plaintiff to establish subject matter jurisdiction by a preponderance of the evidence "if the existence of jurisdiction turns on disputed factual issues").

### CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss (ECF No. 34) is GRANTED. Plaintiffs' claims are dismissed with leave to amend. Any amended complaint is

due within thirty days of this order. Failure to cure the facial defects in the complaint may result in dismissal.

DATED this 25th day of June 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge